# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOY VASSER, and AMY LUSANE, Individually and on Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No.:<br>)<br>) COLLECTIVE ACTION |
| v. | )<br>) |
| MAPCO EXPRESS, INC. | ) JURY DEMAND<br>) |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Joy Vasser and Amy Lusane (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, file this Collective Action Complaint and Jury Demand against Defendant, Mapco Express, Inc., ("Defendant" or "Mapco") seeking all relief available under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (the "EPA"), on behalf of Plaintiffs and all current and former female Store Managers ("SMs"), however variously titled, who worked at any of Defendant's locations in the United States. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and other current and former female Store Managers who will opt into this action pursuant to the EPA that they are entitled to: (i) unpaid wages based upon Defendant's common policy and practice of paying them less than similarly situated male colleagues on the basis of their gender, female, even though they performed similar

duties requiring the same skill, effort, and responsibility of male Store Managers; (ii) liquidated damages; and (iii) reasonable attorneys' fees and costs of this action.

## THE PARTIES

### *Plaintiffs*

2. Plaintiff Joy Vasser ("Ms. Vasser") is an adult female residing in Memphis, Tennessee. From approximately July 2003 until September 2018, Ms. Vasser was an employee of Mapco, as defined by the Equal Pay Act. From approximately 2013 until she left in September 2018, Ms. Vasser was a salaried Store Manager at Mapco's store located on South Danny Thomas Boulevard in Memphis, Tennessee. As a Store Manager, Ms. Vasser was consistently and systematically paid less than her male counterparts for the same work. Ms. Vasser executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated hereto as **Exhibit A**.

3. Plaintiff Amy Lusane ("Ms. Lusane") is an adult female residing in Auburn, Alabama. From approximately January 2016 until June 2019, Ms. Lusane was an employee of Mapco, as defined by the Equal Pay Act. From approximately January 2016 until she left, Ms. Lusane was a salaried Store Manager at Mapco's store located on Atlanta Highway in Montgomery, Alabama. As a Store Manager, Ms. Lusane was consistently and systematically paid less than her male counterparts for the same work. Ms. Lusane executed a Consent to Join form pursuant to 29 U.S.C § 216(b), which is attached and incorporated hereto as **Exhibit B**.

4. Additional Opt-In Plaintiffs' Consent to Join Forms, pursuant to 29 U.S.C. § 216(b), are attached as **Exhibit C**.

*Defendant*

5. Defendant Mapco operates a chain of gas and convenience stores located in several states, with its principal place of business located at 801 Crescent Centre Dr., #300, Franklin, Tennessee 37067.

6. Upon information and belief, Mapco is a wholly owned subsidiary of Companie de Petróleas de Chile COPEC S.A. ("COPEC"). Mapco operates under the banners Mapco Express, Mapco Mart, Fast Food and Fuel, Favorite Markets, Delta Express and Discount Food Mart. Mapco operates approximately 346 retail gasoline and convenience stores with locations in Mississippi, Tennessee, Alabama, Arkansas, Virginia, and Kentucky.[1] It is one of the largest company-operated convenience store chains in the United States, and one of the leading convenience store operators in the Southeast.

7. At all times relevant to this action, Mapco was an employer as defined by the Equal Pay Act.

8. At all times relevant to this action, Mapco acted as Plaintiffs' employer.

9. At all times relevant herein, Mapco has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all times relevant herein, Mapco has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

11. At all times relevant herein, Mapco's stores were/are a single establishment within the meaning of the EPA. 29 C.F.R. § 1620.9(b).

12. At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA

---

[1] https://www.mapcorewards.com/about/

because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Mapco has had (and has) a gross volume of sales, made or done business in an amount of at least $500,000.00.

13. Defendant, Mapco, is a Tennessee corporation.

14. Plaintiffs assert Count I of this Complaint, on behalf of themselves individually and as a collective of similarly situated female employees, for violations of the Equal Pay Act ("EPA Collective"). Plaintiffs seek to recover damages for the EPA Collective and themselves, including, but not limited to, back pay, liquidated damages, reasonable attorneys' fees, and litigation costs.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this suit pursuant to the Equal Pay Act of and 28 U.S.C. § 1331.

16. Venue is proper in this District pursuant to 28 U.S.C § 1391(b). Mapco is headquartered in Franklin, Tennessee, within this District.

17. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

18. Mapco has 346 corporate-owned convenience stores operating primarily in Tennessee, Alabama, and Georgia, with additional locations in Arkansas, Virginia, Kentucky, and Mississippi.

19. Mapco is headquartered at 801 Crescent Centre Dr., #300, Franklin, TN 37067.

20. Within Mapco's convenience stores, Mapco maintains strict, centralized control over its employees. In order to maintain this control, Mapco has a rigid top down, hierarchical corporate structure.

21. Mapco is a single establishment within the meaning of the EPA.

22. Irrespective of the location worked at all Store Managers worked for a single establishment, as Mapco has a central administrative unit.

23. Store Managers frequently interchange work locations when needed and the daily duties of Store Managers are virtually identical, performed under similar working conditions, irrespective of store location.

24. Store Managers working in Mapco's convenience stores report directly to a District Manager.

25. Upon information and belief, Mapco's District Managers report to its Regional Managers.

26. Mapco's District Managers, in conjunction with Mapco's executive leadership, execute a top down wage policy, which consistently, systematically, and willfully pay female Store Managers less than their male colleagues who work in the same position and perform the same work.

27. Mapco's deliberate gender discrimination against women manifests itself in the pay rate of salaried Store Managers throughout Mapco's convenience stores.

28. The wage disparity between female and male salaried Store Managers within Mapco's convenience stores is based solely on gender.

**PLAINTIFF JOY VASSER'S EXPERIENCE AS A MAPCO EMPLOYEE**

29. Ms. Vasser began working at a Mapco in 2003.

30. Ms. Vasser worked at Mapco's 2454 Elvis Presley Blvd., 2142 Central Avenue, and South Danny Thomas Boulevard locations in Memphis, Tennessee between her date of hire and when she left in September 2018.

31. Ms. Vasser's last position within Mapco was as a salaried Store Manager from approximately 2013 until she left in September 2018.

32. As a Store Manager, Ms. Vasser's duties included: working the cash register; stocking shelves; gas and cigarette surveys; cleaning and straightening the store and gas pumps; assisting customers; filling in for hourly employees including at other stores; organizing the store according to detailed corporate directives; counting the safe; performing inventory, checking in vendors and any other tasks required to ensure the profitable operation of her assigned store.

33. All Store Managers employed by Defendant have substantially the same duties.

34. Defendant pays all Store Managers on a salary basis.

35. Upon information and belief, pursuant to Defendant's policy, pattern or practice, Ms. Vasser and other female Store Managers nationwide were not paid equally with Defendant's male Store Managers.

36. Upon information and belief, Defendant paid male Store Managers more wages for equal work which required the performance of duties requiring equal skill, effort, and responsibility, and which are performed under similar working conditions, in violation of the EPA.

37. Specifically, Defendant paid Ms. Vasser's male counterpart/comparator the Store Manager at the 459 E. E.H. Crump Boulevard, Memphis, TN location, more wages than it paid Ms. Vasser for equal work which required the performance of duties requiring equal skill, effort and responsibility. Upon information and belief, Defendant paid Ms. Vasser's male counterpart/comparator a salary of approximately $42,000.00 per year, while it paid Plaintiff approximately $36,500.00 per year.

38. During the relevant time, Ms. Vasser's male counterpart/comparator had substantially less tenure with Defendant than Ms. Vasser. Upon information and belief, during the relevant time, Ms. Vasser's male counterpart/comparator had less work experience as a Store

Manager at Mapco than Ms. Vasser.

39. Ms. Vasser and Ms. Vasser's male counterpart/comparator performed the same duties as Store Managers, including: working the cash registers; stocking shelves; gas and cigarette surveys; cleaning and straightening the store and gas pumps; assisting customers; filling in for hourly employees including at other stores; organizing the store according to detailed corporate directives; counting the safe; performing inventory, checking in vendors and any other tasks required to ensure the profitable operation of their assigned stores.

40. Upon information and belief, when it came time for a bonus or raise, male Store Managers were getting larger raises and/or bonuses than the female Store Managers.

41. Mapco had no basis, other than gender, to pay Ms. Vasser less than her male colleagues. Mapco's actions were deliberate and willful violations of the Equal Pay Act.

**PLAINTIFF AMY LUSANE'S EXPERIENCE AS A MAPCO EMPLOYEE**

42. Ms. Lusane began working at a Mapco in 2016.

43. Ms. Lusane worked at Mapco's store located on Atlanta Highway in Montgomery, Alabama and trained at its Auburn, Alabama location.

44. Ms. Lusane's last position within Mapco was as a Store Manager; a title she held from approximately January 2016 to June 2019.

45. As a Store Manager, Ms. Lusane's duties included: working the cash registers; stocking shelves; gas and cigarette surveys; cleaning and straightening the store and gas pumps; assisting customers; filling in for hourly employees including at other stores; organizing the store according to detailed corporate directives; counting the safe; performing inventory, checking in vendors and any other tasks required to ensure the profitable operation of her assigned store.

46. All Store Managers employed by Defendant have substantially the same duties.

47. Defendant pays all Store Managers on a salary basis.

48. Upon information and belief, pursuant to Defendant's policy, pattern or practice, Ms. Lusane and other female Store Managers nationwide were not paid equally with Defendant's male Store Managers.

49. Upon information and belief, Defendant paid male Store Managers more wages for equal work which required the performance of duties requiring equal skill, effort, and responsibility, and which are performed under similar working conditions, in violation of the EPA.

50. Specifically, Defendant paid Ms. Lusane's male counterpart/comparator, the Store Manager at Mapco's location on 7670 Vaugh Road in Montgomery, Alabama, more wages than it paid Ms. Lusane for equal work which required the performance of duties requiring equal skill, effort and responsibility. Upon information and belief, Defendant paid Ms. Lusane's male counterpart/comparator a salary of approximately $53,000.00 per year, while it paid Plaintiff approximately $45,000.00 per year.

51. During the relevant time, Ms. Lusane's male counterpart/comparator had substantially less tenure with Defendant than Ms. Lusane. Upon information and belief, during the relevant time, Ms. Lusane's male counterpart/comparator had less relevant work experience than Plaintiff.

52. Ms. Lusane and Ms. Lusane's male counterpart/comparator performed the same duties as Store Managers, including: working the cash registers; stocking shelves; gas and cigarette surveys; cleaning and straightening the store and gas pumps; assisting customers; filling in for hourly employees including at other stores; organizing the store according to detailed corporate directives; counting the safe; performing inventory, checking in vendors and any other tasks required to ensure the profitable operation of their assigned stores.

53. Upon information and belief, when it came time for a bonus or raise, male Store Managers were getting larger raises and/or bonuses than the female Store Managers.

54. Mapco had no basis, other than gender, to pay Ms. Lusane less than her male colleagues. Mapco's actions were deliberate and willful violations of the Equal Pay Act.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE EQUAL PAY ACT**

55. Plaintiffs bring Count I, pursuant to the EPA, on behalf of themselves and all similarly situated female persons who are or were formerly employed as Store Managers, and other similarly situated current and former employees holding comparable positions but different titles, by Defendant at its locations nationwide, at any time from three years prior to the filling of this action, through to the entry of judgment in this case (the "EPA Collective").

56. Defendant is liable under the EPA for, *inter alia*, failing to properly pay Plaintiff and EPA Collective members the same wages it paid to male Store Managers for equal work which required the performance of equal skill, effort, and responsibility, and are performed under similar working conditions, in violation of the EPA.

57. There are numerous similarly situated current and former female Store Managers (and other employees holding comparable positions, but different titles) who have not been paid proper wages in violation of the EPA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to EPA Collective members pursuant to 29 U.S.C. § 216(b).

58. Those similarly situated employees are known to Defendant, are readily identifiable and can be located through Defendant's records.

59. Consistent with Defendant's policy, pattern or practice, Defendant failed to pay Plaintiffs and the EPA Collective members the same wages it paid to male Store Managers for equal work which required the performance of equal skill, effort and responsibility, and was performed under similar working conditions.

60. All Putative EPA Collective members performed the same or substantially similar primary job duties.

61. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendant willfully failed to pay Plaintiffs and EPA Collective members the same wages it paid to male Store Managers for equal work it knew required equal skill, effort and responsibility, and which were performed under similar working conditions, in violation of the EPA.

62. Defendant's failure to pay equal wages to Plaintiffs and the Putative EPA Collective members was willful.

63. Upon information and belief, pursuant to Defendant's policy, pattern or practice, Plaintiffs and other female Store Managers nationwide were not paid equally with Defendant's male Store Managers.

64. Mapco has engaged in systemic gender discrimination against its female employees. Mapco has caused, contributed to, and perpetuated gender-based pay disparities through common policies, practices, and procedures, including but not limited to common compensation and centralized decision-making.

65. Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs alleging common policies, practices, and procedures resulting in unequal pay earned by female employees in Mapco's convenience stores.

66. Questions of law and fact common to the EPA Collective and Plaintiffs include but are not limited to the following:

    a. Whether Mapco unlawfully failed and continues to unlawfully fail to compensate female Store Managers at a level commensurate with comparable male employees;

    b. Whether Mapco's policy, practice, or procedure of failing to compensate female Store Managers at a level commensurate with comparable male employees violates the applicable provisions of the Equal Pay Act; and

    c. Whether Mapco's failure to compensate female Store Managers at a level commensurate with comparable male employees was willful within the meaning of the Equal Pay Act.

67. Plaintiffs' Equal Pay Act claim may be maintained as an "opt-in" collective action pursuant to 29 U.S.C. 216(b) because Plaintiffs are similarly situated to the female employees described in the EPA Collective. Plaintiffs' claims are similar to the claims asserted by the EPA Collective.

68. Plaintiffs and the EPA Collective are (a) similarly situated; and (b) are subject to Mapco's common compensation policies, practices and procedures and centralized decision-making resulting in unequal pay based on sex by failing to compensate female Store Managers at a level commensurate with male employees who perform substantially equal work and/or hold equivalent levels, job titles, and positions.

69. Defendant has failed to pay Plaintiffs and other similarly situated EPA Collective members the wages to which they were entitled under the EPA.

70. Defendant's violations of the EPA, as described in this Collective Action Complaint, have been intentional and willful. Defendant has not made a good faith effort to comply with the EPA with respect to the compensation of Plaintiffs and other similarly situated EPA Collective members.

71. Because Defendant's violations of the EPA have been willful, a three-year statute of limitations applies.

72. As a result of the Defendant's violations of the EPA, Plaintiffs and all other similarly situated EPA Collective members have suffered damages by being denied equal wages in accordance with the EPA.

73. As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated EPA Collective members have been deprived of equal compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to the EPA.

**COUNT I**
**(INDIVIDUAL AND COLLECTIVE ACTION CLAIM)**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED BY THE EQUAL PAY ACT OF 1963 ("EQUAL PAY ACT"), 29 U.S.C. § 206, *ET SEQ*. DENIAL OF EQUAL PAY FOR EQUAL WORK**
**(Asserted by Plaintiffs and the Collective Action Members)**

74. Plaintiffs re-allege and incorporate by reference each and every allegation in the previous paragraphs as though fully set forth herein.

75. This Count is brought on behalf of Plaintiffs and all members of the EPA Collective against Defendant Mapco.

76. Mapco is an employer of Plaintiffs and the members of the EPA Collective within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206, *et seq.*, as amended by the Equal Pay Act.

77. Mapco has discriminated against Plaintiffs and the members of the EPA Collective by paying them less than similarly situated male employees who performed jobs which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

78. Defendant discriminated against Plaintiffs and the members of the EPA Collective by subjecting them to common discriminatory pay and performance management policies, including discriminatory salaries in violation of the Equal Pay Act.

79. The differential in pay between Plaintiffs and the members of the EPA Collective and similarly situated male employees was not due to seniority, merit, quantity or quality of production, or a factor other than sex, but was, in fact, due exclusively to sex.

80. Mapco caused, attempted to cause, contributed to, and caused the continuation of wage rate discrimination based on sex in violation of the Equal Pay Act.

81. Mapco intentionally paid Plaintiffs and the members of the FLSA Collective less than similarly situated male employees in violation of the Equal Pay Act. The foregoing conduct constitutes a willful violation of the Equal Pay Act within the meaning of 29 U.S.C. § 255(a). Because Mapco has willfully violated the Equal Pay Act, a three (3) year statute of limitations applies to such violations pursuant 29 U.S.C. § 255(a).

82. As a result of Mapco's unlawful conduct, Plaintiffs as well as the members of the EPA Collective suffered and will continue to suffer harm, including, but not limited to, lost earnings, lost benefits, lost future employment opportunities, and other financial losses, as well non-economic damages.

83. Plaintiffs and the EPA Collective are entitled to all legal and equitable remedies available for violations of the Equal Pay Act, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the EPA Collective, prays that this Court:

A. Designate this action as a collective action on behalf of the proposed EPA Collective and

    a. Promptly issue notice pursuant to 29 U.S.C § 216(b) to all similarly-situated members of the EPA Collective, which (1) apprises them of the pendency of this

action, and (2) permits them to assert timely Equal Pay Act claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

    b. Equitable Tolling of the statute of limitations on the claims of all members of the EPA Collective from the date the original complaint was filed until the members of the EPA Collective are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B. Designate Plaintiffs' chosen counsel as counsel for the EPA Collective;

C. Issue an injunction requiring Defendant to cease their unlawful practices;

D. Declare and adjudge that Mapco's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the Equal Pay Act;

E. Award back pay to Plaintiffs and the members of the EPA Collective, including a sum to compensate Plaintiffs and the members of the EPA Collective for any increased tax liability on a lump-sum award of back pay;

F. Award liquidated damages to Plaintiffs and the members of the EPA Collective in the maximum amount available under the Equal Pay Act;

G. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to counsel for the Plaintiffs and the members of the EPA Collective;

H. Award Plaintiffs and the members of the EPA Collective pre-judgment and post-judgment interest available under the Equal Pay Act;

I. Award Plaintiffs and the members of the EPA Collective any other appropriate equitable relief; and

J. Award any additional relief that this Court deems just and proper.

## JURY DEMAND

Plaintiffs and the EPA Collective demand a trial by jury on all issues so triable.

Dated: July 31, 2020

    Respectfully submitted,

    /s/ David W. Garrison
    **DAVID W. GARRISON (No. 24968)**
    **JOSHUA A. FRANK (No. 33294)**
    **BARRETT JOHNSTON MARTIN & GARRISON, LLC**
    Philips Plaza
    414 Union Street, Suite 900
    Nashville, TN 37219

Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

**MARC S. HEPWORTH***
**CHARLES GERSHBAUM***
**DAVID A. ROTH***
**REBECCA S. PREDOVAN***
**HEPWORTH GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, NY 10016
Telephone: (212)545-1199
Facsimile: (212) 532-3801
mhepworth@hgrlawyers.com
cgershbaum@hgrlawyers.com
droth@hgrlawyers.com
rpredovan@hgrlawyers.com

**Pro hac vice* application forthcoming

**ATTORNEYS FOR PLAINTIFFS**