UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOY VASSER and <br> AMY LUSANE, individually and on <br> behalf of a collective of others similarly <br> situated, <br><br> Plaintiffs, <br><br> v. <br><br> MAPCO EXPRESS, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:20-cv-00665 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Joy Vasser and Amy Lusane, two female convenience store managers, brought this single count individual and collective action claim under the Equal Pay Act, claiming that they were paid less than similarly situated male store managers by Defendant Mapco Express, LLC ("Mapco"). Pending before the Court is Mapco's fully briefed Motion to Dismiss (Doc. Nos. 39, 40, 43, 44). Also pending before the Court is Plaintiffs' Motion to Certify Class (Doc. No. 52). For the following reasons, Mapco's Motion will be denied and Plaintiffs' Motion will be granted.

## I. FACTUAL ALLEGATIONS[1]

Mapco is a large gas station and convenience store chain with locations throughout the Southeastern United States. (Am. Compl. ¶¶ 1–13, 16–18). Vasser managed Mapco stores near Memphis while Lusane managed stores near Montgomery, Alabama. (Id. ¶¶ 2–3). Plaintiffs filed a Collective Action Complaint (which has since been superseded by the Amended Complaint)

---

[1] The relevant background and facts necessary to resolve the pending motion to dismiss are drawn from the Amended Complaint (Doc. No. 35) ("Am. Compl.") and are accepted as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018).

seeking relief under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) *et seq.* ("EPA"), alleging that Mapco systematically underpaid female store managers ("SMs") despite equal work. (Id. ¶¶ 72–81). They argue Mapco had a "policy, pattern or practice" of "systemic gender discrimination" by paying female SMs less than similarly situated male ones. (Id. ¶¶ 33-34, 61–62). Plaintiffs allege Mapco's pay disparities were due "exclusively to sex" rather than "seniority, merit, quantity or quality of production." (Id. ¶ 77).

Plaintiffs further claim their job responsibilities were the same as all other SMs, including: "working the cash register; stocking shelves; gas and cigarette surveys; cleaning and straightening the store and gas pumps; assisting customers; filling in for hourly employees including at other stores; organizing the store according to detailed corporate directives; counting the safe; performing inventory[;] checking in vendors and any other tasks required to ensure the profitable operation of her assigned store." (Id. ¶¶ 37, 50). Despite having identical responsibilities, Plaintiffs allege they received information confirming their suspicion that "less qualified male SMs were earning more for the same work." (Doc. No. 43 at 1; see also Am. Compl. ¶¶ 34–37, 48–50).

Plaintiffs also seek to send notice to EPA collective members under the FLSA, 29 U.S.C. § 216(b). (Id. ¶ 55). Mapco has now moved to dismiss under Fed. R. Civ. P. 12(b)(6). (See Doc. No. 40 at 2).

## II. LEGAL STANDARD

Mapco's motion must clear a high hurdle because to survive a motion to dismiss under Rule 12(b)(6), "the complaint must include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Ryan v. Blackwell, 979 F.3d 519, 524 (6th Cir. 2020) (quoting Fed. R. Civ. P. 8(a)(2)). When determining whether the complaint meets this standard, the Court must accept all of the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly

give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Moreover, the Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232 (1974)). But "[w]hile the complaint 'does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" Blackwell, 979 F.3d at 524 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## III. ANALYSIS

The lone count of Plaintiffs' action alleges individual and collective violations of the Fair Labor Standards Act ("FLSA"), as amended by the EPA, for denial of equal pay for equal work. (Am. Compl. at 11–12). As it is a threshold issue, the Court will turn first to whether Plaintiffs have adequately pled such a claim before determining whether to conditionally certify the class.

### A. Pleading Pay Discrimination Under the Equal Pay Act

Under the EPA, employers are prohibited from "paying wages to employees in [an] establishment at a rate less than the rate [paid] to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility." 29 U.S.C. § 206(d)(1); see also Moazzaz v. Metlife, Inc., No. 19-CV-10531 (JPO), 2021 WL 827648, at *4 (S.D.N.Y. Mar. 4, 2021). Although few courts within the Sixth Circuit have weighed in on the appropriate pleading standard for such claims at the motion to dismiss stage, other federal courts have done so in a manner that is persuasive. To plead an EPA violation, "a plaintiff must allege that she (1) was paid less than male employees, (2) within an establishment, (3) for work "requir[ing] equal skill, effort, and responsibility, and which [is] performed under

3

similar working conditions." 29 U.S.C. § 206(d)(1); see also Moazzaz, 2021 WL 827648, at *4; Finefrock v. Five Guys Operations, LLC, No. 1:16-cv-1221, 2017 WL 1196509, at *2 (M.D. Pa. Mar. 31, 2017) (internal citations omitted).

Federal regulations refer to an "establishment" as "a distinct physical place of business rather than to an entire business." 29 C.F.R. § 1620.9(a); see also Balding-Margolis v. Cleveland Arcade, 352 F. App'x 35, 42 n. 7 (6th Cir. 2009). However, "unusual circumstances may call for two or more distinct physical portions of a business enterprise being treated as a single establishment." Id. § 1620.9(b). For example, "a single establishment may encompass multiple offices 'when a central administrative unit . . . hire[s] all employees, sets wages, and assign[s] the location of employment' and 'employees' duties are 'performed under similar working conditions.'" Id.; see also Balding-Margolis, 352 F. App'x at 42 n. 7 (noting that multiple physical locations may be treated "as one establishment in cases where, for example, they are operationally indistinguishable").

Here, Defendants rely on two primary arguments in their Motion to Dismiss, namely that: 1) Plaintiffs have failed to adequately plead that Mapco's 346 gas and convenience store locations are a "single establishment" under the EPA; and (2) Plaintiffs have failed to adequately plead sufficient facts relating to the skill, effort, responsibility, or working conditions of SMs. (Doc. No. 40 at 6–15). But "courts have been loath" to weigh in on these types of arguments at the motion to dismiss stage because of their "fact-intensive" nature. Moazzaz, 2021 WL 827648, at *5 (citing Barrett v. Forest Laboratories, Inc., No. 12-cv-5224, 2015 WL 5155692, at *8 (S.D.N.Y. Sept. 2, 2015)); see also Finefrock, 2017 WL 1196509, at *3. After all, the central tenet of pleading is "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), that gives a defendant fair notice about what the plaintiff seeks and why the plaintiff is entitled to that relief. See Fishon v. Mars

Petcare US, Inc., 501 F. Supp. 3d 555, 568 (M.D. Tenn. 2020) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Having reviewed the Amended Complaint's factual allegations in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have met their relatively light pleading burden at this early stage of the litigation. First, Plaintiffs each allege they were paid less than similarly situated male employees. (See Am. Compl. ¶¶ 1, 13, 27–29, 41–43). Second, Plaintiffs allege their respective locations, along with others, constitute a single establishment under the EPA. "Whether an employer maintains centralized control is the most critical question to be answered in determining whether multiple physical locations or branches of the employer should be considered a single establishment for purposes of an [EPA] claim." Finefrock, 2017 WL 1196509, at *3 (citing Mulhall v. Advance Sec., Inc., 19 F.3d 586, 592 (11th Cir. 1994)). Here, Plaintiffs allege that Mapco has "a rigid top down, hierarchical corporate structure," with a "top down wage policy." (Am. Compl. ¶¶ 18, 20, 22–24). These allegations are sufficient for an initial finding of a "single establishment" at the motion to dismiss stage. See Finefrock, 2017 WL 1196509, at *3 (finding that Plaintiffs' allegations of a "strict top down hierarchical structure, with centralized control over its employees" is enough to plead an EPA claim under the "single establishment" theory).

And third, Plaintiffs have adequately pled comparable work under similar working conditions. 29 U.S.C. § 206(d)(1). "A plaintiff need not [even] show that her job was 'identical' to that held by a higher-paid comparator"; rather, "a plaintiff must establish that the jobs compared entail common duties or content . . . ." Moazzaz, 2021 WL 827648, at *6 (internal citations omitted). Indeed, Plaintiffs allege that their job responsibilities were virtually identical to, and require the same duties as, similarly situated male SMs. (See Am. Compl. ¶¶ 30–31, 37, 43, 44,

5

50). This is expected when personnel decisions are consolidated in centralized management systems, as alleged here.

In its reply brief, Mapco argues that Plaintiffs have "pled themselves out of court" by relying on a faulty premise that one of Plaintiffs' comparators makes more than one of the Plaintiffs. (Doc. No. 44 at 1). But in doing so, Mapco itself employs a logical fallacy. Not only does Mapco cite only to cases at the summary judgment stage, its arguments overlook that Plaintiffs have still adequately pled, at the motion to dismiss stage, that two female employees each allegedly made less than specific, individual male comparators for equal work performed.

In sum, viewing the Amended Complaint's factual allegations in the light most favorable to Plaintiffs, the Court can infer Plaintiffs have adequately pled all three requirements for an EPA violation. Accordingly, Defendant's Motion to Dismiss will be denied.

B. Conditional Class Certification

Having disposed of Mapco's Motion to Dismiss, the Court now turns to Plaintiffs' Motion for Conditional Collective Action Certification and for the Issuance of Court-Supervised Notice (Doc. No. 52). For the following reasons, Plaintiffs' motion will be granted.

1. Legal Framework

Under the FLSA, a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]" 29 U.S.C. § 216(b). "Thus, in order to join a collective action, an employee must (1) be 'similarly situated' to the plaintiff who maintains the action, and (2) give [her] written consent to join." Evans v. Caregivers, Inc., No. 3:17-cv-0402, 2017 WL 2212977, at *4 (M.D. Tenn. May 19, 2017) (citing Comer v. Wal—Mart Stores, Inc., 454 F.3d 544, 546 (6th Cir. 2006)). Whereas

in a class action, governed by Federal Rule of Civil Procedure 23, plaintiffs must "opt-out," those in a collective action must "opt-in." See id. "The 'opt-in' nature of the collective action heightens the need for employees to receiv[e] accurate and timely notice concerning the pendency of the collective action." Id. (internal quotations and citations omitted); see also Castillo v. Morales, Inc., 302 F.R.D. 480, 483 (S.D. Ohio 2014).

"District courts conduct a two-phase inquiry to determine whether plaintiffs are similarly situated: conditional and final certification." Honaker v. Wright Bros. Pizza, Inc., No. 2:18-cv-1528, 2020 WL 134137, at *1 (S.D. Ohio Jan. 13, 2020) (citing Frye v. Baptist Mem'l Hosp., Inc., 495 F. App'x 669, 671 (6th Cir. 2012)). At the conditional certification stage, Plaintiffs must show that the employees in the class are "similarly situated." See Comer, 454 F.3d at 546. To do so, Plaintiffs need only "make a modest factual showing" that their "position is similar, not identical, to the positions held by the putative class members." Id. at 546-47 (quotation marks and citations omitted); see also Evans, 2017 WL 2212977, at *5. Courts have consistently held that the standard for satisfying conditional certification is low and more likely than not results in conditional certification. Comer, 454 F.3d at 547. At this stage, the Court "does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." Evans, 2017 WL 2212977, at *5 (citing Swigart v. Fifth Third Bank, 276 F.R.D. 210, 214 (S.D. Ohio 2011)).

Courts within the Sixth Circuit have consistently found that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." Bradford v. Logan's Roadhouse, Inc., 137 F. Supp. 3d 1064, 1071 (M.D. Tenn. 2015) (citing O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 585 (6th Cir. 2009)); see also Hawkins v. Middle Tenn. Pizza, Inc., No. 3:21-cv-00266, 2021 WL 2073743, at *2 (M.D. Tenn. May 24, 2021). Plaintiffs may also

7

"meet the similarly situated requirement if they can demonstrate, at a minimum, that 'their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" Evans, 2017 WL 2212977, at *5 (citing O'Brien, 575 F.3d at 585). Courts examine several factors when considering whether to grant conditional certification, including: "(1) whether potential plaintiffs were identified; (2) whether affidavits of potential plaintiffs were submitted; and, (3) whether there is evidence that defendants maintained a widespread discriminatory plan affecting those plaintiffs." Id. (citing Waggoner v. U.S. Bancorp, 110 F. Supp. 3d 759, 765 (N.D. Ohio 2015)). "Once a court determines that the potential opt-in plaintiffs are 'similarly situated' to the named plaintiffs, notice is sent, opt-in forms are filed[,] and discovery takes place." Atkinson v. TeleTech Holdings, Inc., No. 3:14-CV-253, 2015 U.S. Dist. LEXIS 23630, 2015 WL 853234, at *2 (S.D. Ohio Feb. 26, 2015).

After the parties complete discovery, the Court then moves to the second phase of the certification process. See Evans, 2017 WL 2212977, at *5 (citing Struck v. PNC Bank N.A., No. 2:11-CV-00982, 2013 U.S. Dist. LEXIS 19444, 2013 WL 571849, at *2 (S.D. Ohio Feb. 13, 2013)). The bar at this stage to determine whether class members are similarly situated is significantly more stringent. Id. (citing Atkinson, 2015 U.S. Dist. LEXIS 23630, 2015 WL 853234, at *3). But that question is for another day. Now, the Court will now turn to whether to conditionally certify the class at issue.

### 2. Conditional Certification

Mapco does not oppose Plaintiffs' motion to conditionally certify the class. Nonetheless, Plaintiffs have satisfied the low bar to meet the "modest factual showing" required at the conditional certification stage. See Honaker, 2020 WL 134137, at *1; see also Comer, 454 F.3d at 547. Plaintiffs allege that Mapco, through its "centralized, top-down compensation authority," is

an "incubator for pay inequality." (Doc. No. 53 at 2). In light of this uniform, hierarchical pay structure, Plaintiffs allege that all female SMs are similarly situated. (Id.). Accordingly, the Court will grant conditional certification of a collective action of a class defined as: all female Store Managers at Defendant Mapco Express, Inc.'s and other similarly situated current and former employees holding comparable positions but different titles at Mapco's locations nationwide at any time from the three years prior to the filing of Plaintiffs' Complaint, June 4, 2017 to the present (the "Collective"). (See Doc. No. 52-1 at 1).

### 3. Notice, Method of Dissemination, and Opt-In Period

Plaintiffs next ask the Court to approve the proposed form of notice. (See Doc. No. 53-13). Courts have "the authority to supervise notice to potential plaintiffs." Honaker, 2020 WL 134137, at *3 (citing Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 172 (1989)). Through "monitoring preparation and distribution of the notice, a court can ensure that [a notice] is timely, accurate, and informative." Hoffman-LaRoche, 493 U.S. at 172. Having reviewed the notice, the Court finds that it is timely, accurate, and informative. The proposed notice "clearly informs putative class members of their rights and how they can elect to participate in the action." Evans, 2017 WL 2212977, at *6. The notice also adequately describes the legal claims, notes that the Defendant is defending against those claims, and references the "legal effects of joining and not joining the suit." Id. For these reasons, and because Mapco does not oppose, the Court hereby approves the notice.

Plaintiffs desire to send the notice by mail, text message, and email. (See Doc. No. 52-1). Mapco does not oppose these forms of notice. Courts have "discretion in deciding how notice is disseminated." Honaker, 2020 WL 134137, at *3, and have "routinely approved dual notification through regular mail and email. Evans, 2017 WL 2212977, at *7 (collecting cases). However,

9

courts have regularly rejected notice "by text message unless Plaintiff[s] can show that notice by postal and electronic mail is" returned as undeliverable. Brittmon v. Upreach, LLC, 285 F. Supp. 3d 1033, 1045 (S.D. Ohio 2018); see also Hammond v. Floor & Decor Outlets of Am., Inc., No. 3:19-cv-01099, 2020 WL 6459641, 2020 U.S. Dist. LEXIS 205245, at *59 (M.D. Tenn. Nov. 3, 2020). Accordingly, the Court finds that mail and email notice is appropriate in this case. Notice via text message is appropriate only where Plaintiffs may show all other notice "were returned as undeliverable." Brittmon, 285 F. Supp. 3d at 1045–46.

Last, Plaintiffs request a 90-day opt-in period. (See Doc. No. 52 at 3). Courts within the Sixth Circuit have approved 90-day opt-in periods. See Nazih v. Café Istanbul of Columbus, LLC, No. 2:17-cv-947, 2018 WL 4334613, 2018 U.S. Dist. LEXIS 154283, at *20 (S.D. Ohio Sept. 11, 2018). The Court finds this opt-in period to be reasonable, especially considering the case law and because Mapco does not object.

In sum, Plaintiffs' Motion for Conditional Collective Action Certification and for the Issuance of Court-Supervised Notice will be granted.

## IV. CONCLUSION

For the foregoing reasons, Mapco's Motion to Dismiss (Doc. No. 39) is **DENIED** and Plaintiffs' Motion to Certify Class (Doc. No. 52) is **GRANTED**. The Court conditionally certifies the following collective action class:

> All female Store Managers at Defendant Mapco Express, Inc.'s and other similarly situated current and former employees holding comparable positions but different titles at Mapco's locations nationwide at any time from the three years prior to the filing of Plaintiffs' Complaint, June 4, 2017 to the present.

Additionally, the Court orders that:

1) Within fourteen (14) days of the entry of this order, Defendant will provide to Plaintiffs a list, in electronic format, of all female persons employed by Mapco as Store Managers

10

nationwide including: names, addresses, telephone numbers, dates of employment, locations of employment, social security numbers, and work and personal e-mail addresses;

2) The form of the Notice and Consent to Join Form shall be the Notice that Plaintiffs filed at Doc. No. 53-13;

3) Notice and Consent to Join Forms shall be sent to all members of the Collective via First class U.S. Mail, text message, and email;

4) A Reminder Postcard shall issue via First Class U.S. Mail and email to members of the Collective who, as of half-way through the completion of the notice period, have not submitted a completed Consent to Join Form;

5) Plaintiffs are authorized to create a website where members of the Collective may review the Notice and electronically submit a Consent to Join Form; and

6) A copy of the Notice shall be posted in a conspicuous location in the "break room" or similar office space where such legal notices are normally posted at each of Defendant's locations in which Collective members are or were employed. Mapco shall also provide Plaintiffs' counsel a computer readable file (e.g., an Excel spreadsheet) with the name, mailing address, phone number, dates of employment, restaurant location, Social Security Number, and employee ID number for each such worker, and to conspicuously post the notice in store break rooms.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE