UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOY VASSER and AMY LUSANE, individually and on behalf of a collective of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:20-cv-00665 ) ) |
| MAPCO EXPRESS, LLC, | ) ) |
| Defendant. | ) ) |

# FINAL ORDER

This case is before the Court on Plaintiffs' Unopposed Motion to Approve Equal Pay Act Collective Action Settlement ("Motion for Settlement Approval") (Doc. No. 157). After reviewing the Motion for Settlement Approval, the Memorandum of Law in Support of the Motion for Settlement Approval (the "Memorandum"), the Declaration of Marc S. Hepworth ("Hepworth Decl.") and the record, the Court makes the following findings of fact and conclusions of law:

1. The Equal Pay Act is an amendment to the Fair Labor Standards Act that provides for the "the principle of equal pay for equal work regardless of sex." *Corning Glass Works v. Brennan*, 417 U.S. 188, 190 (1974); *see also* 29 U.S.C. § 206(d). The Equal Pay Act's prohibition on gender-based wage discrimination is enforced through the FLSA's collective action mechanism. *See* 29 U.S.C. § 206(d)(3); 29 U.S.C. § 216(b).

2. This Court follows other district courts in the Sixth Circuit requiring judicial approval to effectuate an FLSA settlement. *See, e.g., Gardner v. Blue Sky Couriers, Inc.*, 2021 U.S. Dist. LEXIS 251859, Case No. 2:20-cv-02390 (W.D. Tenn. May 14, 2021).

3. The standard for approval of an FLSA settlement is whether it is a "fair and

reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at *3 (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Department of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)). Courts consider five factors in making this determination: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (internal citations omitted).

4. After reviewing the Settlement Agreement and supporting documents, the Court finds that this settlement is a fair and reasonable resolution of a bona fide dispute.

5. The Court approves the plan of allocation among the Plaintiffs.

6. The Court also approves the parties' proposed plan of distributing the settlement payments to individual members of the collective by U.S. Mail. The parties are tasked to work together to efficiently and quickly distribute the settlement payments to collective members by individual checks through U.S. Mail.

7. The service awards to Named Plaintiffs Joy Vasser and Amy Lusane in the amount of $7,500.00 each, are approved.

8. Plaintiffs' counsel's request for attorneys' fees and litigation expenses in the amount of $379,166.67, are approved.

9. Without affecting the finality of this Final Order and Judgment, the Court retains jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement.

10. This action is hereby dismissed with prejudice in its entirety against Defendant, and

without attorneys' fees or costs to any party except as provided in this Final Order and Judgment and in the Settlement Agreement. This Final Order and Judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

11. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE